UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS OLIVER and NORMA OLIVER,

    Plaintiffs,

v.                                            Case No.:  2:22-cv-468-JLB-KCD

JOSEPH L. MICHAUD,
MATTHEW H. MICHAUD,
DOUGLAS H. SMITH, ALYSSA L.
PARENT, STEVEN J. HART,
CHRISTINE FEENEY, SARAH
TAFT-CARTER, BRIAN
THOMPSON, DANIELLE
KEEGAN, BRIAN OATES and
RHODE ISLAND SUPERIOR
COURT,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiffs' Motion to Proceed *In Forma Pauperis*. (Doc. 4.) Having reviewed the motion and accompanying complaint, Plaintiffs'

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

request is denied as to the 28 U.S.C. § 1915(a)[2] poverty requirement and denied as to the action's sufficiency under § 1915(e)(2). The Court therefore dismisses the complaint with leave to amend.

## I. Background

Pro se Plaintiffs Norma and Thomas Oliver (mother and son) sue several defendants from Rhode Island and Massachusetts for actions related to lawsuits in both states. (Doc. 1 at 1–2.)[3] As best as the Court can tell, a Massachusetts court entered judgment against Thomas Oliver and awarded damages and fees to Defendant Alyssa Parent. *See* Massachusetts Civil Docket No. 0531CV001158.[4] After Thomas Oliver exhausted his appeals, *Oliver v. Parent*, 92 Mass. App. Ct. 1123, 102 N.E. 3d 427 (2018); *Oliver v. Parent*, 479 Mass. 1104, 102 N.E. 3d 976 (2018), Parent enforced the judgment in Rhode Island, *see* Rhode Island Docket No. WC-2016-0053. To that end, the court placed a lien on Thomas Oliver's real property in Rhode Island. Then, to avoid payment of the debt, he transferred the real property to his mother, Norma

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[3] A court may judicially notice a fact "at any stage of a case and on its own" if the fact "cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(d). Judicial notice of records of state agencies and state courts generally is appropriate on the latter ground. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020) (observing judicial notice about a state case from the state court's database generally is appropriate). The Court takes judicial notice of the Rhode Island case, the Massachusetts case, and the bankruptcy proceedings to provide context.

Oliver, and filed chapter 7 bankruptcy. *In re Oliver*, No. AP 20-90093-LA, 2022 WL 2290555 (B.A.P. 9th Cir. June 24, 2022) (bankruptcy discharge denied). The Olivers believe Defendants treated them unfairly in those lawsuits, which brings us to the present case.

## II. Legal Standard

When considering a motion to proceed *in forma pauperis*, the Court first determines whether the movant satisfies the poverty requirement. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The motion (and any supporting affidavits) must show that "the litigant[,] because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* If this threshold is met, the Court should docket the case without prepayment of costs and then consider the sufficiency of the complaint under § 1915(e)(2). *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *Martinez*, 364 F.3d at 1307 ("[W]here the [IFP] affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question . . . of whether the asserted claim is frivolous.").

As alluded to, proceeding *in forma pauperis* is not a right for financially qualified litigants. Under § 1915(e), the Court must assess the sufficiency of the pleadings. A complaint that "is frivolous or malicious; fails to state a claim

on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected. 28 U.S.C. § 1915.

To satisfy § 1915(e) review, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)–(3). A complaint need provide only enough facts to be facially plausible, but that requires more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A proper pleading also provides fair notice to the defendants. *Id.* at 555. Put simply, the Court must be able to draw a reasonable inference of liability from the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, pro se pleadings are construed liberally. And leave to amend should be allowed if a more carefully drafted complaint could state a claim upon which relief could be granted. *Driessen v. Barclays Bank*, PLC, No. 21-13437, 2022 WL 3042940, at *1 (11th Cir. Aug. 2, 2022).

### III. Discussion

**A. Financial Eligibility**

The Court cannot determine financial eligibility here because it is unclear whether the motion and affidavit cover Thomas Oliver individually or the Olivers collectively. (Doc. 4.) If individually, the IFP motion does not

4

explain why Norma Oliver has not paid the filing fees. If collectively, the Olivers omit Norma Oliver's financial information and her signature in the affidavit. And if they live together, sharing income and expenses, they do not say so. Thus, at this juncture, the Court cannot determine whether the Olivers meet the poverty requirement.

**B. Claim Sufficiency**

The Olivers are no strangers to the legal system, an institution rife with individuals which they admittedly hate. (Doc. 1, Exhibit C.) Nevertheless, because they are pro se, the Court holds their pleadings to a less stringent standard than those drafted by attorneys. *Mickens v. Tenth Jud. Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006). But notably, this deference does not forgive serious procedural violations, *id.*, many of which are found in the complaint. Here are just some of the hurdles that must be overcome before this lawsuit can proceed.

*1. Jurisdiction and Venue*

First, it is impossible to determine whether the Court has subject matter jurisdiction. A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8. The complaint states: "This court has subject matter and personal jurisdiction pursuant to 28 U.S. Code § 1332 since litigants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000[.]" (Doc. 1 at 1.) This is indeed

5

a recitation of the statute. But because the Olivers do not provide the parties' domiciles, their diversity claim cannot be verified.

Personal jurisdiction is also a problem. In the Eleventh Circuit, plaintiffs have an obligation to prove personal jurisdiction in their complaint. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A court will only exercise personal jurisdiction if the defendant is domiciled in the forum or there is a relationship between the forum and the underlying controversy. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1776 (2017). This is to stem concerns about the defendant's burden to litigate in a state that has no legitimate interest in the controversy. *Id.* The Olivers' claim that § 1332 affords them personal jurisdiction is incorrect. Furthermore, they do not allege Defendants are domiciled here, and do not show any logical connection between their claims and the state of Florida. Instead, Defendants appear to be from Massachusetts and Rhode Island—which, as noted, is where all the alleged wrongdoing occurred. As best the court can tell, Defendants have no purposeful contacts with Florida. Even the disputed property is in Rhode Island, and not Florida. Therefore, the Court sees no basis to exercise personal jurisdiction.

Similarly, the Olivers fail to show how this Court has venue over the dispute. The complaint claims venue is appropriate according to 28 U.S.C. § 1391(b)(3). (Doc. 1 at 1.) But that provision is a fallback option if venue is not

6

appropriate according to § 1391(b)(1)–(2). The Olivers fail to explain why the fallback is needed here.

  *2. Shotgun Pleading*

Perhaps the most grievous mistake the Olivers made was submitting a shotgun pleading. The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The complaint here fits all four categories.

The first is immediately apparent. Every count starts with a paragraph which incorporates all prior paragraphs. In this way, the last count encompasses all preceding allegations.

The second category—conclusory, vague, and immaterial facts—is equally apparent. Consider paragraph 125:

> The Count 15 Defendants' conduct has been beyond outrageous since the true beginning of this legal nightmare—from violating ethical standards, rules of procedure, and civil laws to committing various crimes against Plaintiff that even involve a conspiracy network reaching across the nation. . . . The offenses are so outrageous that plaintiff Thomas Oliver needed to write a second book as shown in footnote 6, and chapter 6 illustrates those offenses. He is in the process of giving the story to an Oscar-winning screenwriter whose father was a friend of the family because the facts and evidence are so wildly ridiculous and worthy to be made into a movie.

(Doc. 1 at 31.) Paragraph 128 is another example: "Note that defendant J. Michaud is the former corrupt lawyer—now a judge—who played a major role in creating the fraudulent debt . . . and who belongs in prison." (Doc. 1 at 32–33.) Comments like these are wholly inappropriate. Overall, the complaint is replete with vague legal conclusions which make it difficult for the Court to determine whether there are any grounds for relief—a far cry from Rule 8(a)(2)'s "short and plain statement" requirement.

As to the third form of shotgun pleading, count fourteen contains multiple claims for relief. (Doc. 1 at 21–31.) The Olivers should have separated these into different counts.

And finally, the fourth type of shotgun pleading is evident in counts six, twelve, and fifteen. For example, paragraph 124 states: "This count is against all defendants, but defendants Parent, Smith, J. Michaud, M. Michaud, and Hart are the 'Count 15 Defendants.'" (Doc. 1 at 31.) Although that count identifies specific defendants, it also tries to incorporate all the others. How is each defendant to know whether the charges in that count apply to them?

*3. Defendants' Identities*

Unfortunately, there is more. There are several issues related to Defendants' identities. First, the Court struggles to identify Defendants without their domiciles and, for those sued in their official capacities, their professional titles. And where descriptions are provided, they are vague and difficult to follow. (Doc. 1 at 24–26.) Even pro se complaints cannot proceed without such basic information. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243–44 (10th Cir. 2007).

Second, the Olivers sue Judge Sarah Taft-Carter who presided over their case in Rhode Island. (Doc. 1 at 25.) Assuming the Olivers have standing to challenge Judge Taft-Carter's rulings, this Court does not sit in appellate review of state court cases. *Spaulding v. Sawyer*, No. 2:20-CV-183-FTM38MRM, 2020 WL 5513362, at *2 (M.D. Fla. Sept. 14, 2020). Furthermore, judges are generally exempt from monetary damages. *Forrester v. White*, 484 U.S. 219, 25–27 (1988). In fact, unless a judge acts in a nonjudicial capacity or

outside the scope of her jurisdiction, she is immune from suit entirely. *Stump v. Sparkman*, 435 U.S. 349, 356–60 (1978). No such circumstances are alleged here.

The law grants immunity to other court officials as well. *T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978); *Kicklighter v. McIntosh Cnty. Bd. of Comm'rs*, 694 F. App'x 711, 714 (11th Cir. 2017). Thus, immunity would also seem to apply to the Olivers' claims against Defendants Brenden Oates, Brian Thompson, Danielle Keegan, and Christine Feeney who are identified as court clerks.

Third, the complaint includes the Rhode Island Superior Court as a defendant. (Doc. 1 at 1.) States and their instrumentalities enjoy sovereign immunity. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). The Olivers do not allege that Rhode Island abrogated this immunity. As a result, the Rhode Island Superior Court is immune from this lawsuit.

As mentioned, courts should allow pro se litigants to amend their complaint under § 1915 if a more carefully drafted pleading could state a claim. It is difficult to say whether the Olivers have a viable case here given the absence of discernable facts. Thus, out of an abundance of caution, the Court will permit the Olivers one opportunity to submit a complaint that addresses the above points and complies with the proper pleading standards.

It is now **ORDERED**:

1. Plaintiffs' application to proceed *in forma pauperis* is **DENIED**. Plaintiffs must submit an amended *in forma pauperis* application within 14 days of this order that addresses the deficiencies noted above.

2. The Court further **DISMISSES** Plaintiffs' complaint without prejudice and with leave to amend within 14 days of this order.

3. **Failure to comply with this Order will result in this case being dismissed**.

**ORDERED** in Fort Myers, Florida this August 11, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record