UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NORMA OLIVER,
THOMAS OLIVER,
Plaintiffs

v.

JOSEPH L. MICHAUD,
MATTHEW H. MICHAUD,
DOUGLAS H. SMITH,
ALYSSA L. PARENT,
STEVEN J. HART,
CHRISTINE M. FEENEY,
SARAH TAFT-CARTER,
BRIAN THOMPSON,
DANIELLE KEEGAN,
BRENDEN OATES,
Individually and in their official capacities,
RHODE ISLAND SUPERIOR COURT,
Defendants

CASE NO. 2:22-cv-468-JLB-KCD

## TIME-SENSITIVE MOTION TO VACATE

Plaintiff's bring this motion pursuant to 28 U.S. Code § 636 and F.R.Civ.P 72, which is to be heard by Judge Badalamenti. To preserve the rights of the plaintiffs, this motion is time-sensitive because an improper order for dismissal has been entered and the plaintiffs have been given 14 days to respond. A ruling is requested by August 22, 2022, only if the motion is not granted or the abeyance/tolling requested in the conclusion is not granted.

### PROCEDURAL HISTORY

On August 2, 2022, Plaintiffs filed the instant case and a motion to proceed *in forma pauperis* via the court website electronic submission form. On August 11, 2022, Magistrate Dudek issued an order (hereinafter "the order") dismissing the complaint.

1

## AUTHORITY OF MAGISTRATE JUDGES

It is well settled in all circuits that the authority of magistrate judges is limited. Per 28 U.S. Code § 636 and F.R.Civ.P 72, a magistrate can only make dispositive rulings with consent of the parties; otherwise, such a ruling needs to be recommended to the district judge. "A magistrate may enter a final judgment only after a proper referral by the district court and upon consent by both parties. 28 U.S.C. § 636(c)(1). Absent such consent, involuntary dismissal must be entered by the district court. 28 U.S.C. § 636(b)(1)(A)" *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir. 1985). "*Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004) ('With respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, *de novo*.')" *Thompson v. Stanford Univ.*, Case No. 16-cv-06826-BLF, 2 (N.D. Cal. Jun. 26, 2017).

"As discussed in this opinion, the Court uses the term 'order' to denote a decision under 28 U.S.C. § 636(b)(1)(A) that is nondispositive and within the authority of a magistrate judge to decide, as opposed to 'recommend,' which signifies a dispositive matter for which a magistrate judge must issue a report and recommendation under Section 636(b)(1)(B). Moreover, this opinion examines the issue only when a district judge has referred a matter to the magistrate judge for resolution, and not in a case where the parties have consented because, on civil consent cases, the magistrate judge takes on all the authority of the district judge. See 28 U.S.C. § 636(c)." *Cage v. Harper*, Case No. 17-cv-7621, 5 n.1 (N.D. Ill. Mar. 16, 2020). Also from *Cage*: "a magistrate could hear and determine any pretrial matter that is not essentially dispositive of the litigation . . . In the dispositive area of pretrial proceedings . . . the magistrate would hear the matter but could only recommend a disposition to a judge. This limitation has been provided to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation."

Lastly, from this very circuit in *Rembert v. Apfel*, 213 F.3d 1331 (11th Cir. 2000):

> Here, Congress has taken care to ensure that parties face final dispositions by magistrate judges only by the parties' free will. First, Congress provided that when an action is filed, "the clerk of

the court shall notify the parties of the availability of a magistrate to exercise [ ] jurisdiction. The decision of the parties shall be communicated to the clerk of court." 28 U.S.C. § 636(c)(2). Second, "Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent." *Id.* Accordingly, the Federal Rules of Civil Procedure provide that if the parties agree to allow a magistrate judge to finally dispose of their case, "they shall execute and file a joint form of consent or separate forms of consent setting forth such election." Fed.R.Civ.P. 73(b).

Therefore we rule that consent to final disposition by a magistrate judge cannot be obtained through a procedure inviting consent through inaction.

As shown on page 11 of the dispositive order, Magistrate Judge Dudek issued it, not District Judge Badalamenti. Because the Magistrate Judge's order dismissing the plaintiffs' cause of action is clearly erroneous and contrary to law since the order of dismissal contravenes 28 U.S. § 636 and contradicts settled law, the order must be vacated. To the best of Plaintiffs' knowledge, the clerk has not notified them "of the availability of a magistrate to exercise [ ] jurisdiction," which also contravenes the law.

## IMPROPER CONTENT IN THE ORDER

It is quite clear in the order that Magistrate Judge Dudek does not like the plaintiffs. He probably also doesn't like the Jefferson quote, which is placed at the bottom of everything plaintiff Thomas Oliver submits in any court—without exception. Some of the content borders on, and perhaps crosses over into, personal opinion. This section will bolster such an observation.

The order opens with a statement that dismissal is based on shortcomings described in 28 U.S. Code § 1915(e)(2); however, this statute makes no mention of dismissal upon grounds on which the order elaborates. Based on the order, allegations of poverty are yet to be determined, so the complaint has improperly been dismissed for any allegation of poverty being untrue. The order also states, "It is difficult to say whether the Olivers have a viable case here." This implies that the plaintiffs have not "fail[ed] to state a claim on which relief may be granted." 28 U.S. Code § 1915(e)(2) allows for dismissal only for reasons which have not been substantiated in the order. At least partially pertinent is an opinion from the Seventh Circuit: "[T]he plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely." *Firestone Fin., LLC v. Meyer*, Case No. 13 C 7241, 6 (N.D. Ill. Apr. 19, 2016). ("The plausibility standard is not akin to a

'probability requirement'...."). According to *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."

The order continues, "To that end, the court placed a lien on Thomas Oliver's real property in Rhode Island. Then, to avoid payment of the debt, he transferred the real property to his mother." Such a statement exposes a major problem and is also an inappropriate conclusion of law. Whatever is written in many court records does not truly reflect what happened in a case. When lies become part of the court record, it is nearly impossible to remove them.

The aforementioned statement was made by the government attorney in the bankruptcy, Kristen T. Mihelic, and is patently false. Plaintiff Thomas Oliver repeatedly proved that she is a pathological liar. No evidence supports such a statement. If the real evidence is examined, it will be seen that the transfer occurred in 2014 well before any "debt" existed—and before the defendants (in that case) filed any responsive pleading whatsoever and that the property was solely in plaintiff Norma Oliver's name at the time the lien was placed, which is, incidentally, a major component to the instant case. In fact, plaintiff Thomas Oliver made the transfer then because he strongly suspected he would be a target for litigation—particularly after his experience with the corrupt courts in Massachusetts and because the information in his books could be misconstrued as legal advice, despite the disclaimers in them. Lo and behold, his prediction came true. Additionally, it is also highly improper for the court to draw (faulty) legal conclusions that have no bearing on this case—or more appropriately, a *negative* bearing on this case.

The order says, "The Olivers believe Defendants treated them unfairly in those lawsuits, which brings us to the present case." This is wrong on many levels. Firstly, the "Olivers" were not party to those lawsuits. Only plaintiff Thomas Oliver was a party. Secondly, "unfairly" is a euphemism that makes light of the crimes that have been committed against plaintiff Thomas Oliver. Thirdly, what the plaintiffs "believe" is irrelevant. What actually happened *is* relevant. The order implies that plaintiff Thomas Oliver's displeasure with the system is unfounded. The violation of federal law twice already in

this case as describe above illustrates exactly why it *is* founded and why being treated "unfairly" is not a belief, but a fact.

In the order, it is stated that the plaintiffs—plural—"admittedly hate" the system. This is an irrelevant statement for a judge to make and is, moreover, incorrect. Plaintiff Norma Oliver never said this, but she does not like the system because of the extreme miscarriage of justice directed at plaintiff Thomas Oliver. She has had only minimal experience with the legal system—this actually being her first lawsuit. Nonetheless, such sentiment is not without justification. Is it because a multitude of civil and criminal laws have been violated and/or the violation of them has been blessed by members of the system, with those responsible facing no penalties? Is it because rules have constantly been broken? Is it because facts and evidence have continuously been ignored? Is it because court docket entries have occasionally been manipulated/altered? Is it because constitutional rights have repeatedly been trampled?

Well, it just so happens to be for all of those reasons. Unless one is a criminal, he cannot be expected to like such wrong and immoral behavior. People do not litigate in court to have crimes committed against them or to have their constitutional rights violated; they do so to be made whole. Just last week the rules were violated in another case that plaintiff Thomas Oliver is fighting. It is not as though this has happened rarely; it has happened likely more than 100 times during his legal battles. This is outrageous! For the law to be broken twice already in this new case is totally unacceptable.....and is a classic example illustrating *precisely* why plaintiff Thomas Oliver despises the system. It simply refuses to follow its own rules and laws. If it would, we wouldn't be here in the first place and litigation would have ended many years ago in favor of plaintiff Thomas Oliver. Keep in mind that he didn't make the system the way it is or force the offenders to break rules, commit crimes, and whatnot, which they do willingly.

A relevant point concerns public confidence in the judiciary. Recently, the approval rating of the U.S. Supreme Court sunk to a historic low of 25 percent, with the entire judiciary not lagging far behind.[1] The dismissal is a prime example of why the public is so skeptical about the judiciary and is rapidly

---

[1] https://news.gallup.com/poll/394103/confidence-supreme-court-sinks-historic-low.aspx

losing faith in it.

The order says that "each count adopts the allegations of all preceding counts." In the hundreds—or perhaps thousands—of complaints that plaintiff Thomas Oliver has written or seen in various courts nationwide, he has never seen one without such phrasing. It is standard protocol in every known jurisdiction in this country. To the best of his knowledge, all law schools teach this exact type of standard formatting for pleadings.

Nothing submitted in the complaint is vague, nor is there any ambiguity regarding which defendant is responsible for which action, and the type of relief sought against him or her. Plaintiff Thomas Oliver added tables and much background information specifically to make things quite clear. He did so specifically so it wouldn't be said that the complaint lacks information or pleading requirements. Dismissal is not the correct action. If the defendants take issue with any portion of the complaint, they can always file a motion for a more definitive statement. The court should not be working on their behalf by doing what they should be doing during discovery. Conducting discovery *sua sponte* is inappropriate at the pleading stage and was done to discredit Plaintiff. Finally, a judge is supposed to be neutral arbiter of any legal action.

To say that plaintiff Thomas Oliver's "comment" that Michaud belongs is prison is "wholly inappropriate" is cavalier and itself wholly inappropriate. He made such a statement to bring attention to the gravity of the situation, which is relevant to the complaint. When people commit crimes, felonies in particular, they *should* be incarcerated. The "kids for cash" judges belonged in prison for what they did, particularly because they are versed in law and because they acted willfully. If the facts and evidence are not disregarded, the same is true for Michaud. Actually, Mihelic and others also belong in prison. Furthermore, plaintiff Thomas Oliver's statement is not only valid; it is his First Amendment right of free speech.

F.R.Civ.P. 8's "short and plain statement" requirement was followed for most of the counts, with two exceptions. Almost all courts (and F.R.Civ.P. 9) require that fraud and RICO be pleaded with more

detail and specifics. The inclusion of the table, narrative, and exhibits was done to satisfy this requirement.

Count 14 *was* separated into different counts. Since RICO charges are more closely related to each other than to the other counts in the complaint, they were rendered as "COUNT 14-X." Logically, it made sense to identify each of the 3 counts as being related by using "14," and unique by using the "X" number. Such nomenclature is widespread in academia, including the legal schools, and in the local rules of appellate procedure themselves. See the Ninth Circuit Rules and others, for instance.

Towards the very end of the order, the magistrate judge cites the beloved *Stump v. Sparkman*, and declares that judges are not only immune to damages, but to suit entirely. This is completely false. While immunity *may* extend to suits against *federal* judges for actions taken *in their official capacity* for both declaratory and injunctive relief, such is not so for *state* judges. See, for example, *Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017) "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." Additionally, *Stump* was blown out of the water with a ruling made just days ago that slapped the criminal judges involved in the "kids for cash" scandal with $206 million in damages.[2] Justice finally seems to be taking hold, at least in small steps, across the nation.

Lastly, everything put forth in the complaint can be proved with evidence. This is true with everything plaintiff Thomas Oliver files in any court. All told, his books have received more than 100 reviews on Amazon—not at all an easy feat to accomplish for a first-time author. The average of all ratings is just under 4.9 out of 5 stars. The evidence provided in legal filings is the same as that found in the books. Nothing about which he writes—in the books or in court documents—is fantasy. If the average rating were closer to zero, it would be clear that he is either lying or way off the mark with his legal cause(s). That's not the case. The public agrees that he is correct and that *injustice* has been served. Once again, the court is reminded that this is a *pro se* pleading entitled to a liberal reading according to *Haines v. Kerner, et al.*, 404 U.S. 519, 92 S. Ct. 594 (1972).

---

[2] https://www.law360.com/pulse/articles/1521688/-kids-for-cash-judges-slapped-with-206m-damages-ruling

## CONCLUSION

From the preceding, it is clear that Magistrate Judge Dudek exceeded his authority and should not have dismissed the case; therefore, the order must be vacated. The plaintiffs also request an abeyance or tolling of the 14-day period for amending the complaint as specified in the order pending the ruling on this motion. Since plaintiff Thomas Oliver's entire life savings is at stake in this multi-million dollar suit and there is far too much riding on it for Judge Dudek to continue presiding due to his demonstrated bias and open disregard of the governing rules and law, the plaintiffs request he be removed from this case—and preferably from his position as magistrate judge of the court.

August 17, 2022

_____
Norma Oliver, *pro se*
6920 Bernadean Blvd.
Punta Gorda, FL 33982
401-363-5570

_____
Thomas Oliver, *pro se*
6920 Bernadean Blvd.
Punta Gorda, FL 33982
401-835-3035
tomscotto@gmail.com

---

When the legislative or executive functionaries act unconstitutionally, they are responsible to the people in their elective capacity. The exemption of the judges from that is quite dangerous enough. I know no safe depository of the ultimate powers of the society, but the people themselves. - **Thomas Jefferson**