UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS OLIVER and NORMA OLIVER,

      Plaintiffs,

v.

JOSEPH L. MICHAUD, MATTHEW H. MICHAUD, DOUGLAS H. SMITH, ALYSSA L. PARENT, STEVEN J. HART, CHRISTINE FEENEY, SARAH TAFT-CARTER, BRIAN THOMPSON, DANIELLE KEEGAN, BRIAN OATES, and RHODE ISLAND SUPERIOR COURT,

      Defendants.

Case No:   2:22-cv-468-JLB-KCD

## ORDER

Before the Court is pro se Plaintiffs' "Time-Sensitive Motion to Vacate" the Magistrate Judge's order (Doc. 5) denying their application to proceed in forma pauperis and dismissing their complaint with leave to amend. (Doc. 6.) Upon review, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

On August 3, 2022, Thomas Oliver and Norma Oliver filed this action asserting fifteen claims against several parties. (Doc. 1.) On August 8, 2022, they filed an application to proceed in the district court without prepaying fees or costs. (Doc. 4.) The Magistrate Judge subsequently entered an order denying the application and requiring Plaintiffs to submit an amended application, as well as dismissing the complaint with leave to amend because, among other things, it

constituted a shotgun pleading.  (Doc. 5.)  The Magistrate Judge's order noted that "[f]ailure to comply with this Order will result in this case being dismissed."  (Id. at 11.)

In response, Plaintiffs filed a "Time-Sensitive Motion to Vacate," in which they seek to set aside the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636.  (Doc. 6.)  Specifically, they argue that the Magistrate Judge exceeded his authority in dismissing the complaint with leave to amend.  (Id. at 2–3.)  Plaintiffs further contend that the order included "improper content," such as a dismissal for "any allegation of poverty being untrue" and statements relating to the factual background of this case.  (Id. at 3–5.)  They also challenge the Magistrate Judge's determination that the complaint is a shotgun pleading.  (Id. at 6–7.)  Finally, Plaintiffs request that, based on the above, the Magistrate Judge be removed from the case.  (Id. at 8.)

## LEGAL STANDARD

The statutory authority of a district judge to refer certain pretrial matters for resolution by a magistrate judge is codified at 28 U.S.C. § 636:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Civil Procedure 72 provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "[T]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. By contrast, if a magistrate judge hears, "without the parties' consent, . . . a pretrial matter dispositive of a claim or defense," the recommended disposition is subject to the limitation that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b).

## DISCUSSION

Whether this Court treats the order to which Plaintiffs object as a report and recommendation or pretrial order, the result is the same. Accordingly, although clarification as to one matter is necessary, setting aside or rejecting the Magistrate Judge's order is inappropriate. Further, disqualification of the Magistrate Judge is unwarranted.

First, it is not clear that the Magistrate Judge exceeded his authority in dismissing the complaint with leave to amend where the filing fee was not paid, there was a deficient application to proceed in forma pauperis, and there were pleading deficiencies in the complaint. Indeed, courts have deemed the denial of

pauper status a non-dispositive ruling, and the dismissal here was with leave to amend and did not resolve Plaintiffs' claims on the merits.   See, e.g., Redford v. Planchard, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (citing In re Arnold, 166 F. App'x 424, 425 (11th Cir. 2006)); cf. Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin, 860 F.3d 461, 466 (7th Cir. 2017) ("[T]o the extent that section 1915(e)(2) involves nondispositive issues, such as the truthfulness of the allegation of poverty, nothing in the Magistrate Judges' Act prevents the magistrate judge from resolving the issue."); Ciralsky v. C.I.A., 355 F.3d 661, 666 (D.C. Cir. 2004) ("[C]ourts often regard the dismissal without prejudice of a complaint as not final . . . because the plaintiff is free to amend his pleading and continue the litigation." (internal quotation marks and citations omitted)).

In all events, Plaintiffs have not shown that the Magistrate Judge's determination was incorrect under any standard of review.   Indeed, it is unclear whether the application and affidavit pertain to both Plaintiffs or solely Mr. Oliver, the only plaintiff who signed the affidavit.   (Doc. 5 at 4–5.)   Accordingly, the Court cannot determine financial eligibility.

As to the sufficiency of Plaintiffs' claims under 28 U.S.C. § 1915(e)(2), the Magistrate Judge correctly noted that the complaint is a shotgun pleading and may include various pleading deficiencies.   (Doc. 5 at 7–10.)[1]   Importantly, despite

---

[1] Should they file an amended pleading, Plaintiffs are advised to take heed of the Magistrate Judge's assessments in this case as well as pertinent Eleventh Circuit caselaw on shotgun pleadings.   See, e.g., Weiland v. Palm Beach Cnty.

Plaintiffs' complaints about purportedly improper statements in the order, Plaintiffs' allegations will be accepted as true during any review under section 1915. See Grimes v. Yoos, No. 06-81090-CIV, 2006 WL 8447934, at *1 (S.D. Fla. Dec. 4, 2006). And rather than determine that Plaintiffs could raise no allegations that state a claim entitling Plaintiffs to relief, the Magistrate Judge merely determined that "[i]t is difficult to say whether [Plaintiffs] have a viable case here given the absence of discernable facts." (Doc. 5 at 10.) In summary, under any standard of review, dismissal with leave to amend is warranted. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Dismissal with leave to amend is also appropriate to allow Plaintiffs to correct the complaint's deficiencies as to subject matter jurisdiction. (Doc. 5 at 5–6.)

That said, dismissing the case, as opposed to dismissing the complaint with leave to amend, may be dispositive of a party's claim and require an order issued by a district judge. See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 719–20 (11th Cir. 2020) (noting that "orders of dismissal became final judgments when the deadline to amend expired"); Coleman, 860 F.3d at 470; see also Carter v. Jones, No. 2:21-cv-47-WKW, 2021 WL 2584096, at *2 (M.D. Ala. June 3, 2021) (recommending that a case be dismissed for failure to file amended complaint as ordered), adopted, 2021 WL 2580511 (M.D. Ala. June 23, 2021); Fisher v. Fla., No. 3:11-cv-219-J-37TEM, 2011 WL 1833125, at *1 (M.D. Fla.

---

Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015). Additionally, the Court will direct the Clerk of Court to provide Plaintiffs with a copy of the "Guide for Proceeding without a Lawyer."

May 13, 2011) (same).[2]   Accordingly, the Court clarifies that failure to comply with this order on or before September 6, 2022 will result in this case being dismissed without prejudice and without further notice by the undersigned.

Finally, the Court addresses Plaintiffs' contention that the Magistrate Judge should be "removed from this case."   (Doc. 6 at 8.)   As an initial matter, contrary to the Local Rules, the request for disqualification does not include a legal memorandum supporting the request and Plaintiffs cite no authority in support.   See M.D. Fla. Local Rule 3.01(a).

In all events, Plaintiffs do not present a valid basis for disqualification.  Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   28 U.S.C. § 455(a).   "The test under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."   Johnson v. Wilbur, 375 F. App'x 960, 965 (11th Cir. 2010) (quotation omitted).   Notably, "a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case."   Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986) (quotation omitted).   Any disagreement Plaintiffs may have with the Magistrate Judge's determinations in this case is not a sufficient predicate for disqualification.   Further, to the extent Plaintiffs may rely

---

[2] The Magistrate Judge's order did not specify whether dismissal would be without notice, recommended, or with or without prejudice.   (Doc. 5 at 11.)

on section 455(b), they identify no circumstances warranting disqualification.   In summary, the request to disqualify the Magistrate Judge is denied.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Time-Sensitive Motion to Vacate (Doc. 6) is **GRANTED in part** and **DENIED in part**.

2. The Magistrate Judge's order (Doc. 5) is not set aside or rejected. However, Plaintiffs' request for "an abeyance or tolling of the 14-day period for amending the complaint" is granted to the extent that they may file an amended application to proceed in forma pauperis and complaint that complies with this order and the Magistrate Judge's order on or before **September 6, 2022**.   (Doc. 6 at 8.)

3. The Court clarifies that failure to comply with this order will result in this case being dismissed without prejudice and without further notice.

4. The Clerk of Court is **DIRECTED** to provide Plaintiffs with a copy of the "Guide for Proceeding without a Lawyer."

**ORDERED** at Fort Myers, Florida, on August 19, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE