UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NORMA OLIVER,<br>THOMAS OLIVER,<br>Plaintiffs<br><br>v.<br><br>JOSEPH L. MICHAUD,<br>MATTHEW H. MICHAUD,<br>DOUGLAS H. SMITH,<br>ALYSSA L. PARENT,<br>STEVEN J. HART,<br>SARAH TAFT-CARTER,<br>BRIAN D. THOMPSON,<br>DANIELLE C. KEEGAN,<br>BRENDEN T. OATES,<br>CLAUDIA M. ABREAU,<br>JAMES D. SYLVESTER,<br>MICHAEL K. ROBINSON,<br>JOEL A. ROBINSON,<br>Individually and in their official capacities,<br>ROBINSON LAW ASSOCIATES, LLC,<br>Defendants | CASE NO. 2:22-cv-468-JLB-KCD |

**AMENDED MOTION TO FILE *IN FORMA PAUPERIS***

Plaintiff's bring this motion pursuant to 28 U.S. Code § 1915.

**PROCEDURAL HISTORY**

On August 2, 2022, Plaintiffs filed the instant case and a motion to proceed *in forma pauperis* via the court website electronic submission form. On August 11, 2022, Magistrate Judge Dudek issued an order dismissing the complaint and denying the motion to proceed *in forma pauperis*. On August 17, 2022, Plaintiffs filed a time-sensitive motion to vacate that order via the court website electronic submission form. On August 19, 2022, the court issued an order regarding the August 17, 2022, motion. Also on August 19, 2022, plaintiff Norma Oliver filed an affidavit to proceed *in forma pauperis* via the court website electronic submission form.

1

**REASONING**

The August 11, 2022, order complains that "financial information" for plaintiff Norma Oliver has not been reported. That is because form AO-239 has entries for 2 people: "You" and "Spouse," the latter of which does not apply in the instant case. The order of August 11, 2022, also declares, "Plaintiffs must submit an amended *in forma pauperis* application." Given the format of form AO-239, an "amended" application does not specify whether the plaintiffs are to file a new AO-239 and strike the word "Spouse" and replace it with an appropriate term and submit that new form, or submit an additional AO-239 with just plaintiff Norma Oliver's information, in which case it would be a *supplemental* application. Since the aforementioned order is unclear and local rules and the court website are silent on which option to follow, the plaintiffs submit this motion.

Regarding partial filing fees in this circuit, the court in *Wilson v. Sargent*, 313 F.3d 1315, 1319 (11th Cir. 2002) opined that the fee should not exceed "20 percent of.....the average monthly" income of the party. In some circuits, it is only 15 percent. Plaintiff Norma Oliver's pension and social security benefits—which comprise all of her income—total $1,178 per month, or $14,136 annually. Merely using her income and neglecting plaintiff Thomas Oliver's *negative* income of approximately $497, the filing fee should be no more than $235. However, if plaintiff Thomas Oliver's income is included, the maximum fee would then more appropriately be $136. Either would still be burdensome on plaintiffs.

Local Rule 6.03(b) states: "If represented by an appointed lawyer, an *in forma pauperis* party consents to an order deducting from any recovery a reasonable attorney's fee, costs, and reasonably necessary expenses." While this rule only applies to parties represented by counsel and seemingly excludes any filing and service fees, the plaintiffs hereby agree to its application regarding filing and service fees in the instant case.

Some courts require reimbursement pending a favorable monetary outcome as a prerequisite to waving the filing fee. As just stated, that would be amenable to the plaintiffs. See, for example, *James v. City of N.Y.*, 15 Civ. 1161 (SLT) (VMS), 4 (E.D.N.Y. Mar. 20, 2015) whereby the court waived the filing fee for the plaintiffs "on the condition that should they receive any monetary settlement or award equal to

or greater than the $400.00 filing fee, that fee must be paid to the Court within fifteen days of the receipt of the settlement or award."

## CONCLUSION

Since plaintiff Thomas Oliver's entire life savings is at stake in this multi-million dollar lawsuit, since plaintiff Norma Oliver has had a large sum stolen from her, since prepaying the filing and service fees would be a financial strain on the plaintiffs, and since the suit contains solid and provable claims against the defendants, the plaintiffs request that filing and service fees be initially waived, with reimbursement pending a favorable outcome to them.

September 2, 2022

_____
Norma Oliver, *pro se*
6920 Bernadean Blvd.
Punta Gorda, FL 33982
401-363-5570

_____
Thomas Oliver, *pro se*
6920 Bernadean Blvd.
Punta Gorda, FL 33982
401-835-3035
tomscotto@gmail.com

___

When the legislative or executive functionaries act unconstitutionally, they are responsible to the people in their elective capacity. The exemption of the judges from that is quite dangerous enough. I know no safe depository of the ultimate powers of the society, but the people themselves. - **Thomas Jefferson**