UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS OLIVER and NORMA OLIVER,

    Plaintiffs,

v.                                Case No.:  2:22-cv-468-JLB-KCD

JOSEPH L. MICHAUD,
MATTHEW H. MICHAUD,
DOUGLAS H. SMITH, ALYSSA L.
PARENT, STEVEN J. HART,
SARAH TAFT-CARTER, BRIAN
THOMPSON, DANIELLE
KEEGAN, BRIAN OATES,
CLAUDIA M. ABREAU, JAMES D.
SLYVESTER, MICHAEL K.
ROINSON, JOEL A. ROBINSON
and ROBINSON LAW
ASSOCIATES, LLC,

    Defendants.
_____/

**ORDER**[1]

Before the Court is Plaintiffs Thomas Oliver and Norma Oliver's amended motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). (Doc. 12.) Plaintiffs seek to bring a pro se civil rights action against several

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

defendants from Rhode Island and Massachusetts for actions related to lawsuits in those states. For the reasons below, Plaintiffs' motion is denied.[2]

The Court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[4] This statute is intended to provide indigent litigants with meaningful access to courts. *See Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (noting that § 1915 aims to ensure "that indigent persons will have equal access to the judicial system").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without paying the filing fee. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Instead, the statute conveys a privilege to litigants who cannot pay without undue hardship. *Id.* "[W]hile the privilege of proceeding [in forma pauperis] does not require a litigant to demonstrate absolute destitution, something more than mere statement and an affidavit

---

[2] Denial of a motion to proceed in forma pauperis is a non-dispositive ruling that falls "squarely within [the magistrate judge's] authority." *Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015); *see also Redford v. Planchard*, No. 1:09-MI-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009).

[3] Although Congress used the word "prisoner" in Section 1915, it applies to "all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[4] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Cowart v. Berryhill*, No. 1:18-CV-00368-SCJ-AJB, 2018 WL 8415544, *1 (N.D. Ga. Jan. 26, 2018). The affidavit required by § 1915 must show an inability to pay fees and costs without foregoing the basic necessities of life. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Measured against this standard, Plaintiffs' motion is deficient. Plaintiffs focus entirely on their monthly income, stressing it falls below the poverty level. (Doc. 12 at 2.) But income (or lack thereof) is not the determinative factor under § 1915. An individual with no income must still pay the filing fee where other assets are available. That is why the Court's form affidavit (AO-239) asks for broader financial information. What matters is whether the applicant is poor, not whether he has an income—those two things are different, and not mutually dependent.

Because Plaintiffs have failed to provide sufficient financial information to discern if they qualify for relief under § 1915, their motion cannot be granted.

One last item. Plaintiffs say the Court's prior order creates confusion about what is needed for their pauperis motion. (Doc. 12 at 2.) Let's clear that up now. Both Plaintiffs should complete (and file) the standard financial affidavit available on the Court's website: https://www.uscourts.gov/sites/

3

default/files/ao239_1.pdf. That will provide the Court with the information needed to assess if Plaintiffs may proceed in forma pauperis.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Amended Motion to File in Forma Pauperis (Doc. 12) is **DENIED WITHOUT PREJUDICE**;

2. Within 14-days of this order, Plaintiffs may either pay the filing fee or file a new motion to proceed in forma pauperis consistent with the instructions above;

3. Failure to comply with this order will result in a recommendation that the case be dismissed.

**DONE AND ENTERED** in Fort Myers, Florida this September 14, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record