UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS OLIVER and NORMA OLIVER,

    Plaintiffs,

v.   Case No.:  2:22-cv-468-JLB-KCD

JOSEPH L. MICHAUD,
MATTHEW H. MICHAUD,
DOUGLAS H. SMITH, ALYSSA L.
PARENT, STEVEN J. HART,
SARAH TAFT-CARTER, BRIAN
THOMPSON, DANIELLE
KEEGAN, BRIAN OATES,
CLAUDIA M. ABREAU, JAMES D.
SLYVESTER, MICHAEL K.
ROINSON, JOEL A. ROBINSON
and ROBINSON LAW
ASSOCIATES, LLC,

    Defendants.
_____/

## ORDER

Plaintiffs Norma and Thomas Oliver (mother and son) sue a host of government officials and private persons from Rhode Island and Massachusetts. As best the Court can tell, Defendants all had some involvement with a lien placed on Norma's property in Rhode Island. (Doc. 11 ¶¶ 7-9.) According to the complaint, the lien was illegal and the result "of [a] conspiracy to commit fraud." (*Id.* ¶ 3.)

Plaintiffs have not paid the required filing fee. They are instead seeking to proceed in forma pauperis (IFP). (*See* Doc. 14, Doc. 15.) For the reasons below, their applications are denied.[1]

Under 28 U.S.C. § 1915, the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, [provided] the person is unable to pay[.]" *Id.* § 1915(d).[2] This statute is intended to provide indigent litigants with meaningful access to the courts. *See Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997).

"[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. While the privilege of proceeding IFP does not require a party to show absolute destitution, something more than a statement of poverty is required. An IFP applicant must show an inability to prepay fees and costs without foregoing the basic necessities of life. *See Rivera v. Saul*, No. 21-CV-60468, 2021 WL 1723607, at *1 (S.D. Fla. Mar. 16, 2021).

---

[1] The Eleventh Circuit has suggested that the denial of IFP status is a non-dispositive, pretrial matter. *In re Arnold*, 166 F. App'x 424, 425 (11th Cir. 2006). The undersigned thus disposes of Plaintiffs' applications via order and not on report and recommendation. *See* Fed. R. Civ. P. 72(a).

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Under this standard, Plaintiffs' IFP applications fall short. Both Norma and Thomas filed the required financial affidavits. (Doc. 14, Doc. 15.) While Thomas reports income below the poverty level and a negative net-worth, Norma does not. Her monthly income exceeds her expenses. And most important, she has $18,000 deposited in a checking account not earmarked for any expense or debt. (Doc. 15.) Norma thus has ample resources to pay the administrative fees required to prosecute this case. *See, e.g.*, *Setter v. Chatham Cnty. Det. Ctr.*, No. CV420-182, 2020 WL 6877756, at *1 (S.D. Ga. Aug. 13, 2020) (denying IFP where the applicant reported $5,000 in a checking account).

Considering this evidence, the Court concludes that federal taxpayers should not bear the cost of carrying Plaintiffs' suit. The IFP statute is not meant to reach litigants, like Plaintiffs, who collectively have discretionary income and meaningful financial assets. *See PDQ Servs., Inc. v. McPherson*, No. 1:17-CV-04427-LMMAJB, 2017 WL 8186730, at *1 (N.D. Ga. Nov. 7, 2017) ("Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed IFP, each plaintiff must qualify for IFP status.").

It is now **ORDERED**:

1. Plaintiffs' Applications to Proceed in Forma Pauperis (Doc. 14, Doc. 15) are **DENIED**.

2. Plaintiffs are directed to pay any applicable filing and administrative fees to the Clerk within 14 days of this Order.

**ENTERED** in Fort Myers, Florida on October 11, 2022.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4