UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS OLIVER and NORMA
OLIVER,

    Plaintiffs,

v.                                           Case No.:   2:22-cv-468-JLB-KCD

JOSEPH L. MICHAUD,
MATTHEW H. MICHAUD,
DOUGLAS H. SMITH, ALYSSA L.
PARENT, STEVEN J. HART,
SARAH TAFT-CARTER, BRIAN
THOMPSON, DANIELLE
KEEGAN, BRIAN OATES,
CLAUDIA M. ABREAU, JAMES D.
SLYVESTER, MICHAEL K.
ROINSON, JOEL A. ROBINSON
and ROBINSON LAW
ASSOCIATES, LLC,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Plaintiffs Norma Oliver and Thomas Oliver (mother and son), proceeding without a lawyer, seek to bring a civil rights action against several defendants from Rhode Island and Massachusetts for actions related to lawsuits in those states. As best the Court can tell, Defendants all had some involvement with a lien placed on Norma's property in Rhode Island. (Doc. 11 ¶¶ 7-9.) According to the complaint, the lien was illegal and the result "of [a] conspiracy to commit

fraud." (*Id.* ¶ 3.) Because Plaintiffs have not diligently prosecuted this case, the undersigned recommends dismissal.

Plaintiffs did not pay the required filing fee when filing suit. Instead, they thrice sought to proceed in forma pauperis, all of which were denied. The first request was denied on multiple grounds: (1) jurisdictional problems, (2) shotgun pleading, and (3) immunity. (Doc. 5.) Plaintiffs were provided leave to amend and did so. (Doc. 11.) The second motion was denied because Plaintiffs failed to provide sufficient financial information to discern if they qualify for relief under 28 U.S.C. § 1915. (Doc. 13.) The third motion was denied because Plaintiffs have enough discretionary income to pay the filing fee under the standard to proceed in forma pauperis. (Doc. 16.) In the last order, the Court directed Plaintiffs to pay any applicable filing fee and administrative fees to the Clerk within 14 days. (*Id.* at 3.) The clerk mailed copies of that order to the parties, but, over one month later, Plaintiffs have not complied.

Because the Court's third order did not warn Plaintiffs that failure to pay the filing fee would result in a recommendation that this case be dismissed for failure to prosecute, the undersigned entered another order doing just that. (Doc. 17.) The Court directed Plaintiffs to show cause why the case should not be dismissed for failure to prosecute because they had not paid the filing fee as directed. (Doc. 17.) The clerk mailed copies of that order to Plaintiffs, but again,

no response has come. The order sent to Thomas Oliver was also returned as undeliverable with no change of address filed. (Doc. 18.)

Under Local Rule 3.10, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Similarly, Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a plaintiff's action for failure to prosecute the case and failing to comply with the Court's orders. Finally, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Also relevant here, a pro se plaintiff must provide and maintain an address where he will receive notices and orders. *See* Fed. R. Civ. P. 11(a) (every paper must state the filer's address); *Portnoy v. Safeguard Properties, LLC*, No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020) (dismissing case without prejudice for failure to prosecute after pro se plaintiff failed to update his address as directed by the court).

Plaintiffs' failure to comply with the Court's order to show cause why the filing fee had not been paid is a failure to diligently prosecute this action and justifies dismissal. M.D. Fla. R. 3.10. The same goes for Thomas Oliver's failure to update his address. These actions evidence that Plaintiffs have lost interest in prosecuting this case.

Thus, the Undersigned **recommends** that Plaintiffs' action be dismissed without prejudice.

**Recommended** in Fort Myers, Florida on November 20, 2022.

*[signature]*

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.